15-2096-cv
*United States v. Cohan*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

 At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand sixteen.

PRESENT: JOSÉ A. CABRANES,
    RAYMOND J. LOHIER, JR.,
    SUSAN L. CARNEY,
      *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee,*      No. 15-2096-cv

    v.

GREGORY P. COHAN,

    *Defendant-Appellant.*

---

**FOR PLAINTIFF-APPELLEE:**    CHRISTINE L. SCIARRINO (Lauren M. Nash, Sandra S. Glover, *on the brief*), Assistant United States Attorney, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

**FOR DEFENDANT-APPELLANT:**   GREGORY P. COHAN, *pro se*, Branford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Jeffrey A. Meyer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 2, 2015 judgment of the District Court is **AFFIRMED**.

Defendant-appellant Gregory P. Cohan, an attorney proceeding *pro se*, appeals from a judgment of the District Court entered in favor of plaintiff-appellee the United States (the "government") in an action brought by the government to recover the outstanding balance on Cohan's student loan. The government alleged that Cohan defaulted on a federal direct consolidated loan he obtained in 1999 by failing to make a single payment to the Department of Education ("DOE") as required by the promissory note. The District Court granted summary judgment to the government and found Cohan liable for $236,535 plus interest. *See United States v. Cohan*, 111 F. Supp. 3d 166, 177 (D. Conn. 2015). The District Court denied Cohan's cross-motion for summary judgment. *See id.* This appeal followed.

On appeal, Cohan principally argues that the government (1) failed to allege or prove its *prima facie* case because it failed to allege or prove that it had performed certain conditions precedent; and (2) materially breached or repudiated the loan agreement—thereby excusing his performance under the agreement—when the government: (A) demanded excessive monthly payments from Cohan; (B) failed to consider alternative documentation of his actual income in calculating his monthly payments; (C) unilaterally altered the loan terms by imposing a forbearance that effectively extended the 25-year term after which his loan would be forgiven; and (D) violated the covenant of good faith and fair dealing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the District Court's decision to grant summary judgment *de novo*, and we will affirm only if, viewing the evidence in the light most favorable to Cohan, *see, e.g.*, *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126, 130 (2d Cir. 2013), the government "shows that there is no genuine dispute as to any material fact and the [government] is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a).

Based on the record before us, we conclude that the District Court properly granted summary judgment to the government. We briefly pause to address two of Cohan's principal arguments and to explain why they lack merit.

First, Cohan argues that the government materially breached the loan agreement when it demanded excessive monthly payments in 2000 and 2001, which DOE calculated using stale income

2

information.[1] For instance, he argues that on July 21, 2000, DOE demanded monthly payments of $271.03—which was based on his 1998 adjusted gross income ("AGI")—when his monthly payments based on his 1999 AGI would have been only $21.63. But neither federal law nor the promissory note, which states that its terms shall be interpreted according to the Higher Education Act and other applicable statutes and regulations, required that DOE use AGI from the preceding year. Instead, under the income-contingent repayment plan, DOE used AGI "for the most recent year for which the Secretary [of DOE] has obtained income information." 34 C.F.R. § 685.208(f) (1999).[2] The government proffered evidence establishing that in each instance DOE correctly calculated Cohan's monthly payments based on the most recent AGI provided by the Internal Revenue Service.

Second, Cohan argues that the government materially breached the loan agreement by failing to consider his alternative income documentation for 2000 when calculating his monthly payments. Under 20 U.S.C. § 1087e(e)(3) (1999), a borrower on an income-contingent repayment plan for whom AGI "does not reasonably reflect the borrower's current income, shall provide to the Secretary [of DOE] other documentation of income *satisfactory to the Secretary*, which documentation the Secretary *may* use to determine an appropriate repayment schedule." (emphases added); *see also* 34 C.F.R. § 685.209(c)(1) (1999) ("[I]f, in the Secretary's opinion, the borrower's reported AGI does not reasonably reflect the borrower's current income, the Secretary may use other documentation of income provided by the borrower to calculate the borrower's monthly repayment amount."). The "Alternative Documentation of Income" form Cohan submitted to DOE in June of 2000 expressly stated that the borrower must submit "supporting documentation (i.e., pay stubs, dividend statements, canceled checks, or, when these forms of documentation are unavailable, a signed statement explaining your income source(s) and giving the addresses of these sources)," which "must not be more than 90 days old." Def. App. 13, 60. Here, Cohan submitted as supporting documentation only letters summarizing his business expenses. We are unconvinced that this showing required DOE, which had discretion to adjust his payment schedule based on alternative income documentation, *see* 20 U.S.C. § 1087e(e)(3) (1999); 34 C.F.R. § 685.209(c)(1) (1999), to reduce his monthly payments.

---

[1] The promissory note states in part that "[a]pplicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this note." Gov't App. 52.

[2] Notably, "[t]he regulations in effect at the time a borrower enters repayment and selects the income contingent repayment plan or changes into the income contingent repayment plan from another plan govern the method for determining the borrower[ ]'s monthly repayment amount," subject to an exception not relevant here. 34 C.F.R. § 685.208(f)(2) (1999).

## CONCLUSION

We have considered all of the defendant-appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the June 2, 2015 judgment of the District Court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk